CARROLL ET AL., APPELLEES AND CROSS-APPELLANTS, *v.* FEIEL, TRUSTEE, ET AL., APPELLANTS AND CROSS-APPELLEES.

(No. 41405—Decided April 10, 1981.)

*Messrs. Terrell, Salim, Hollander & Esper* and *Mr. Sherman S. Hollander,* for James J. Carroll *et al.*

*Messrs. Baker & Hostetler* and *Mr. Arthur V. N. Brooks,* for George M. Feiel, trustee, *et al.*

DAY, J. Plaintiffs-appellees, cross-appellants (class representatives) instituted a class action against defendants-appellants, cross-appellees (trustees). The class representatives won below but lost on appeal. Costs were assessed against the successful trustees who moved for reconsideration of the assessment suggesting a clerical error. The motion for reconsideration raises an issue of suffi-

cient importance to warrant entertaining it even though it was filed far beyond the ten-day limit on motions for reconsideration imposed by App. R. 26. The time limit in the rule is not jurisdictional.[1]

### I.

The key question (reduced to its lowest terms) is whether the representatives of the class (who brought the class action and lost) should pay the costs or whether the trustees who won should pay the costs.

### II.

The losers' argument for placing the burden of costs on the winner is based on the proposition that the trustees can shift the cost by using their power to allocate it among all the members of the class. Unless this argument prevails, the representatives of the class who instituted the suit will have to bear the costs personally. Implicit in the latter consequence is a policy question — will a flat rule, that unsuccessful class representatives pay costs, discourage resort to class actions to protect legitimate class interests?

The policy question is answered "yes." "Robot" cost applications against losers in class actions would discourage pursuit of legal class objectives. When, and if, a class action is shown to be merely factitious, vexatious, or fraudulent it will be an occasion for considering the assessment of costs against the instigators of the suit. There is no such showing in the present case.

### III.

Motion for reconsideration overruled.

*Motion for reconsideration overruled.*

JACKSON, C.J., concurs.[2]

---

[1] See App. R. 3(A).

[2] STILLMAN, J., participated in this case which was, however, decided after his retirement.