**THE STATE OF OHIO, Appellee,**

v.

**BOONE, Appellant.**

[Cite as *State v. Boone* (1996), 114 Ohio App.3d 275.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 96–JE–11.

Decided Sept. 26, 1996.

*Stephen M. Stern,* Jefferson County Prosecuting Attorney, and *Christopher D. Becker,* Assistant Prosecuting Attorney, for appellee.

*Joseph B. Boone, pro se.*

---

*Per Curiam.*

On January 20, 1995, the defendant-appellant was sentenced to an indefinite prison term of three to ten years and a fine of $2,500 after conviction on a guilty plea to aggravated vehicular homicide. On July 24, 1995, appellant filed a motion for shock probation with the trial court, which was denied. On March 11, 1996, appellant also filed a motion for a reduced sentence with the trial court, which also was denied.

On March 18, 1996, appellant, acting *pro se,* filed a motion for leave to file a delayed appeal, a motion for assignment of counsel and a motion for transcript of proceedings at state expense. In that motion, appellant argued that his trial counsel advised him he could not appeal his conviction or sentence because he had entered into a plea bargain. Appellant further argued that his defense counsel failed to investigate witnesses who would have aided in his defense. He also

argued that loose gravel on the road was the cause of the accident resulting in a companion's death.

On April 30, 1996, this court denied appellant's motion for a leave to file a delayed appeal. In its holding of April 30, 1996, this court noted that, while appellant acted *pro se* in filing his postsentence motions, it was apparent from the motions that he had access to legal information. The court went on to note that appellant had not demonstrated good reason for his delay of nearly fourteen months in filing a notice of appeal after his sentence was imposed after a guilty plea.

On May 15, 1996, the appellant filed an application for reopening of appeal and a motion for leave to file a delayed appeal, and a motion for assignment of counsel. Appellant's filings do not specify if he is filing an application for reconsideration under App.R. 26(A) or an application for reopening under App.R. 26(B) or both. Both of these filings of appellant cite App.R. 26 and not any subsections and also cite *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204.

■ Assuming appellant is requesting an application for reconsideration under App.R. 26(A) in his filing of May 15, 1996, appellant has not fulfilled the requirements of App.R. 26(A) in that the application has not been filed within ten days after the announcement of the court's decision. This court issued its decision on April 30, 1996 and the motion for an application for reopening of the appeal was not filed until May 15, 1996. A motion for reconsideration can be entertained even though it was filed beyond the ten-day limitation on motions for reconsideration if the motion raises an issue of sufficient importance to warrant entertaining it beyond the ten–day limit. See *Carroll v. Feiel* (1981), 1 Ohio App.3d 145, 1 OBR 453, 439 N.E.2d 962.

A review of the filings by the appellant does not show that any issue of sufficient importance has been raised in his filings to require a waiver of the ten-day requirement of App.R. 26(A). Appellant has not offered any additional reasons for his late filing of the original appeal. In fact, in the instant application for reopening of appeal, appellant argues exactly the same three issues found in his March 18, 1996 motion for delayed appeal, which was denied.

Thus, appellant's application for reopening of appeal under App.R. 26(A) is without merit and is denied.

If appellant is filing a motion for leave to file a delayed appeal and an application for reopening under App.R. 26(B), he must be arguing a claim of ineffective assistance of appellate counsel. App.R. 26(B) and *Murnahan* are applicable to cases of alleged ineffective assistance of appellate counsel which were filed beyond the ninety-day time limitation.

As noted, the relevant case on this issue is *Murnahan, supra,* where at paragraph three of the syllabus, the court stated:

"Where the time period for reconsideration in the court of appeals and direct appeal to the Supreme Court has expired, a delayed claim of ineffective assistance of appellate counsel must first be brought in an application for delayed reconsideration in the court of appeals where the alleged error took place, pursuant to App.R. 26 and 14(B), and if delayed reconsideration is denied then the defendant may file for delayed appeal in the Supreme Court, pursuant to Section 8, Rule II of the Rules of Practice of the Supreme Court."

The applicable rule in this case is App.R. 26, titled "Application for Reconsideration; Application for Reopening," which states:

"(B)(1) A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.

"(2) An application for reopening shall contain all of the following:

" * * *

"(c) one or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;

" * * *

"(5) An application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal."

App.R. 14(B), dealing with enlargement or reduction of time, states:

"For good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time. The court may not enlarge or reduce the time for filing a notice of appeal or a motion to certify pursuant to App.R. 25. Enlargement of time to file an application to reconsider pursuant to App.R. 26(A) shall not be granted except on a showing of extraordinary circumstances."

Clearly, App.R. 14(B) requires that before an application to reconsider pursuant to App.R. 26(A) is granted, there must be a showing of extraordinary circumstances. In our case, as noted above, there was no showing of extraordi-

nary circumstances, and the denial under App.R. 26(A) is clearly within the discretion of this court.

Now, the threshold question is, did appellant show cause for filing his App.R. 26(B) application for delayed reconsideration more than ninety days after the journalization of the appellate decision, which occurred in this case on April 30, 1996? This application was not beyond the ninety-day period. Thus, the good cause requirement is not applicable in the instant case since the filing of May 15, 1996 was well within the ninety-day period after the decision of this court on April 30, 1996.

Appellant must still bear the burden of establishing a colorable claim of ineffective assistance of counsel as required by App.R. 26(B)(5) and that his claims are not barred by *res judicata*.

Here, in the instant case, there was no appellate counsel, only the appellant acting *pro se* in his motion to file a delayed appeal. Thus, this court is not required to address the issue of whether a colorable claim of ineffective assistance of counsel is evident in this case.

■ Appellant must now bear the burden of showing that his claims are not barred by the doctrine of *res judicata*. Under the doctrine of *res judicata*, a final judgment of conviction bars a convicted defendant who is represented by counsel from raising and litigating in any proceedings except an appeal from that judgment any defense or claim of lack of due process which was raised or could have been raised by defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. See *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104, paragraph nine of the syllabus.

Clearly, the issues raised by appellant in this case and in this instant filing were the same issues that were raised in the motion for delayed appeal that was filed on March 18, 1996 and denied by this court. Thus, the issue is clearly *res judicata* since it could have been raised on appeal if the instant appeal had been perfected in this case, which it was not.

The application for reconsideration under App.R. 26(A) is denied, and the application for reopening under App.R. 26(B) is denied.

*Judgment accordingly.*

O'NEILL, GENE DONOFRIO and COX, JJ., concur.