JOURNAL ENTRY AND OPINION
In State v. Kelly, Cuyahoga County Court of Common Pleas Case No. CR-355846, applicant was convicted of aggravated robbery. This court affirmed that judgment in State v. Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, unreported.
Applicant has filed with the clerk of this court an application for reopening. Applicant asserts that he was denied the effective assistance of appellate counsel. We deny the application for reopening. As required by App.R. 26(B)(6), the reasons for our denial follow.
The state argues that applicant's request for reopening is barred by res judicata. We agree.
 The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry
(1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan
(1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, unreported, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
Applicant did not appeal this court's decision to the Supreme Court of Ohio.
 The issue of whether appellate counsel provided effective assistance must be raised at the earliest opportunity to do so. State v. Williams (1996), 74 Ohio St.3d 454, 659 N.E.2d 1253. In this case, applicant possessed an earlier opportunity to contest the performance of his appellate counsel in a claimed appeal of right to the Supreme Court of Ohio. Applicant did not appeal the decision of this court to the Supreme Court of Ohio and has failed to provide this court with any reason for not pursuing such further appeal and/or why the application of res judicata may be unjust. Accordingly, the principles of res judicata prevent further review. State v. Borrero (Apr. 29, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 72559.
State v. Bugg (Oct. 12, 1999), Cuyahoga App. No. 74847, unreported, reopening disallowed (Apr. 7, 2000), Motion No. 13465, at 6.
We also note that applicant filed a pro se brief as part of his direct appeal. Although the brief was stricken for failure to comply, inter alia, with App.R. 16 and 19 regarding the form of briefs, this court granted applicant leave to file a conforming brief. Applicant did not file a second pro se brief.
 [T]he courts have repeatedly ruled that res judicata bars an application to reopen when the appellant has filed a pro se brief. State v. Tyler (1994), 71 Ohio St.3d 398, 664 N.E.2d 298, cert. denied (1995), 116 S.Ct. 98; State v. Boone (1996), 114 Ohio App.3d 275, 683 N.E.2d 67; State v. Barnes (Mar. 24, 1986), Cuyahoga App. No. 50318, unreported, reopening disallowed (Mar. 4, 1994), Motion No. 36464; State v. Williams (Nov. 12, 1996), Cuyahoga App. No. 69936, unreported, reopening disallowed (Apr. 24, 1997), Motion No. 80441 and State v. Larkins (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, unreported, reopening disallowed (Aug. 19, 1996), Motion No. 68671. In State v. Reddick (1995), 72 Ohio St.3d 88, 90-91, 647 N.E.2d 784, the Supreme Court of Ohio stated: "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new rounds of appeals."
State v. Stewart (Nov. 19, 1998), Cuyahoga App. No. 73255, unreported, reopening disallowed (June 29, 1999), Motion No. 4568, at 8, appeal dismissed (1999), 87 Ohio St.3d 1406, 716 N.E.2d 1168
[Case No. 99-1403]. Applicant's failure to file a conforming brief does not eliminate the applicability of the doctrine of resjudicata.
 Res judicata, therefore, provides a sufficient basis for denying the application.
We also deny the application on the merits. Having reviewed the arguments set forth in the application for reopening in light of the record, we hold that applicant has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24,701 N.E.2d 696, certiorari denied (1999), 526 U.S. 1091,119 S.Ct. 1506, 143 L.Ed.2d 658, the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Applicant cannot satisfy either prong of the Strickland
test. We must, therefore, deny the application on the merits.
Applicant originally filed only an "application for reopening." He later filed "an affidavit to support application in writ of error coram nobis inadequacy of assigned counsel's performance" ("Affidavit"). Additionally, he made a third filing captioned "memorandum to support reopening."
App.R. 26(B)(2) provides, in part:
 An application for reopening shall contain all of the following:
* * *
 (d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the maimer in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record * * *.
Applicant's original application did not include a sworn statement of the basis for the claim or the manner in which applicant was purportedly prejudiced. Rather, the "application" is merely a recitation of ten proposed assignments of error. We hold that the mere recitation of assignments of error is not sufficient to meet applicant's burden to "prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful."Spivey, supra.
Likewise, applicant's later filings — the affidavit and memorandum — are not sufficient to meet applicant's burden. Applicant does not identify the portion of the record which provides a factual basis for his proposed assignments of error and other assertions. For example, several of applicant's assertions would necessarily arise from matters outside the record, e.g.: counsel did not disclose to applicant "the full contents of the waiver presented to the defendant by counsel for signing," Affidavit, par. 4; counsel did not secure the testimony of alibi witnesses; counsel did not disclose to applicant evidence favorable to applicant's defense; counsel did not investigate the denial of cross-examination at the line up.
 We have repeatedly held that matters arising from evidence outside the record should be addressed in postconviction relief proceedings. See, e.g., State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998), Motion No. 89560, at 4 [appeal pending as Supreme Court of Ohio Case No. 98-0690 (appeal dismissed in 82 Ohio St.3d 1440, 695 N.E.2d 264)].
 State v. Simms (Sept. 19, 1996), Cuyahoga App. No. 69314, unreported, reopening disallowed (Aug. 13, 1998), Motion No. 89037, appeal dismissed (1998), 84 Ohio St.3d 1409, 701 N.E.2d 1019, at 6, 10.
Additionally, applicant complains about a variety of aspects of the proceedings before the court of common pleas: discovery; admission and sufficiency of the evidence; the scope of the examination of some witnesses; and whether certain evidence should have been suppressed. He also complains that appellate counsel failed "to maintain an appeal as a right" and failed "to raise ineffective assistance of trial counsel in omissions to defendant's property interests by constructive willfulness * * *." Application, at 1.
Much of the three filings presented in support of applicant's request for reopening are barely comprehensible. In State v.Cripple (June 9, 1993), Cuyahoga App. No. 61773, unreported, reopening disallowed (Nov. 13, 1998), Motion No. 97933, at 9, this court held that the applicant's "cryptic phrases" were not sufficient to fulfill the requirement of App.R. 26(B)(2)(c) that the application contain "one or more assignments of error that previously were not considered on the merits in the case by any appellate court * * *." Although the application characterizes applicant's assertions as assignments of error, applicant's filings "do not sufficiently identify the error made in the trial court so as to allow review." Id. Merely asserting error is not sufficient for applicant to demonstrate that both counsel's performance was deficient and that the deficient performance prejudiced him.
As a consequence, applicant has not met the standard for reopening. Accordingly, the application for reopening is denied.
O'DDNNELL, J. AND McMONAGLE, J., CONCUR.
 ______________________________ ANN DYKE, ADMINISTRATIVE JUDGE