JOURNAL ENTRY AND OPINION
In State v. Graff, Cuyahoga County Court of Common Pleas Case No. CR-361288, Bruno Graff was convicted of murder; this court affirmed that judgment in State v. Graff (July 13, 2000), Cuyahoga App. No. 74860, unreported; The Supreme Court of Ohio dismissed his appeal to that Court for the reason that no substantial constitutional question existed and overruled his motion for leave to appeal. State v. Graff (2000),90 Ohio St.3d 1468 [Supreme Court of Ohio Case No. 00-1567].
In this application for reopening, Graff asserts that he was denied the effective assistance of appellate counsel because his lawyer failed to assert errors in accordance with his instructions. His request for reopening is barred by res judicata.
 The principles of res judicata may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal. See generally State v. Perry
(1967), 10 Ohio St.2d 175, 22 N.E.2d 104, paragraph nine of the syllabus. Claims of ineffective assistance of appellate counsel in an application for reopening may be barred by res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan
(1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204.
State v. Williams (Mar. 4, 1991), Cuyahoga App. No. 57988, unreported, reopening disallowed (Aug. 15, 1994), Motion No. 52164.
 [T]his court has held that res judicata bars reopening where a timely application for reopening has been filed and the Supreme Court of Ohio has dismissed applicant's appeal of the conviction. State v. Bluford, 1999 Ohio App. LEXIS 5887 (Dec. 9, 1999), Cuyahoga App. No. 75228, unreported, reopening disallowed (May 31, 2000), Motion No. 15241, at 2-3 [pro se appeal to the Supreme Court of Ohio dismissed in State v. Bluford (2000), 89 Ohio St.3d 1488, 734 N.E.2d 375, (no substantial constitutional question and discretionary appeal, if applicable, not allowed)]
State v. Siller (Oct. 28, 1999), Cuyahoga App. No. 75139, unreported, reopening disallowed (Oct. 25, 2000), Motion No. 14401, at 3-4. Likewise, in this case, applicant filed a pro se appeal to the Supreme Court of Ohio which that court dismissed for the reason that no substantial constitutional question existed.
This court granted Graff leave to file a brief pro se as part of his direct appeal.
 [T]he courts have repeatedly ruled that res judicata bars an application to reopen when the appellant has filed a pro se brief. State v. Tyler (1994), 71 Ohio St.3d 398, 643 N.E.2d 1150, cert. denied (1995), 516 U.S. 829, 116 S.Ct. 98, 133 L.Ed.2d 53; State v. Boone (1996), 114 Ohio App.3d 275, 683 N.E.2d 67; State v. Barnes,
1986 Ohio App. LEXIS 5942 (Mar. 24, 1986), Cuyahoga App. No. 50318, unreported, reopening disallowed (Mar. 4, 1994), Motion No. 36464; State v. Williams, 1996 Ohio App. LEXIS 4796 (Oct. 31, 1996), Cuyahoga App. No. 69936, unreported, reopening disallowed (Apr. 24, 1997), Motion No. 80441 and State v. Larkins, 1987 Ohio App. LEXIS 9072 (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, unreported, reopening disallowed (Aug. 19, 1996), Motion No. 68671. In State v. Reddick (1995), 72 Ohio St.3d 88, 90-91, 647 N.E.2d 784, the Supreme Court of Ohio stated: "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new rounds of appeals."
State v. Darrington (Oct. 2, 1995), Cuyahoga App. No. 65588, unreported, reopening disallowed (Oct. 27, 2000), Motion No. 17770, at 7-8. On direct appeal, this court reviewed the merits of each of the three assignments of error set forth in Graff's pro se brief.
We find that the application of res judicata in this case is just, because any arguments made in this application could have been made in his pro se brief in the direct appeal or in the appeal to the Supreme Court of Ohio.
We also note that the application is not supported by a sworn statement.
 Finally, App.R. 26(B)(2)(d) requires an applicant to provide this court with a "sworn statement of the basis for the claim that appellate counsel's representation was deficient * * * and the manner in which the deficiency prejudicially affected the outcome of the appeal * * *." The applicant has not included a sworn statement with his application for reopening. The failure to provide a sworn statement renders the application for reopening fatally defective. State v. Lechner (1995), 72 Ohio St.3d 374, 650 N.E.2d 449; State v. Harris, 1999 Ohio App. LEXIS 820 (Mar. 4, 1999), Cuyahoga App. No. 73921, unreported, reopening disallowed (Oct. 13, 1999), Motion No. 6249.
State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, unreported, reopening disallowed (Aug. 8, 2000), Motion No. 16647, at 4-5. The failure to provide a sworn statement is a sufficient basis for denying reopening in this case.
The State correctly observes that the application fails to comply with other requirements of App.R. 26(B); it does not contain the lower case number or assignments of error. App.R. 26(B)(2)(a) and (c), respectively. Despite these defects, we review Graff's essential arguments and deny the application on the merits, because he has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5). In State v. Spivey (1998), 84 Ohio St.3d 24,701 N.E.2d 696, the Supreme Court specified the proof required of an applicant:
 In State v. Reed (1996), 74 Ohio St.3d 534, 535, 660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.
Id. at 25. Graff cannot satisfy either prong of the Strickland test.
Graff's primary complaint is that, although he raised various concerns regarding the performance of trial lawyer, his appellate lawyer did not pursue those issues on appeal. Attached to the application are copies of correspondence between himself and his appellate lawyer, but he does not identify where in the record he raised these concerns or instructed his lawyer.
 We have repeatedly held that matters arising from evidence outside the record should be addressed in postconviction relief proceedings. See, e.g., State v. Chaney (Aug. 28, 1997), Cuyahoga App. No. 71274, unreported, reopening disallowed (Mar. 5, 1998), Motion No. 89560, at 4 [appeal pending as Supreme Court of Ohio Case No. 98-0690 (appeal dismissed in 82 Ohio St.3d 1440, 695 N.E.2d 264)].
State v. Simms (Sept. 19, 1996), Cuyahoga App. No. 69314, unreported, reopening disallowed (Aug. 13, 1998), Motion No. 89037, appeal dismissed (1998), 84 Ohio St.3d 1409, 701 N.E.2d 1019, at 6, 10. See also State v.Kelly (Nov. 18, 1999), Cuyahoga App. No. 74912, unreported, reopening disallowed (June 21, 2000), Motion No. 12367, at 7-8, motion for leave to file delayed appeal denied, (2000), 90 Ohio St.3d 1429, 736 N.E.2d 26.
One of Graff's concerns — regarding Juror #2 — was the subject of two of his assignments of error in his supplemental pro se
brief on direct appeal and, res judicata bars reopening.
He asserts that his appellate lawyer should have presented all of the arguments he proposed and could have issued to him "a written disclaimer or word of caution or expectation of unfavorable results."
 Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Jones v. Barnes (1983), 463 U.S. 745, 77 L.Ed.2d 987, 103 S.Ct. 3308, 3313. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in State v. Allen
(1996), 77 Ohio St.3d 172, 672 N.E.2d 638.
State v. Burns (Aug. 8, 1996), Cuyahoga App. No. 69676, unreported, reopening disallowed (Aug. 3, 2000), Motion No. 13052, 8-9. Despite Graff's assertions regarding a "disclaimer," courts have recognized that an appellate lawyer must be afforded the opportunity to determine which issues require consideration. We cannot conclude that the performance of the appellate lawyer was deficient or that Graff was prejudiced by omitting from his direct appeal the arguments he proposed.
The application for reopening is denied.
KENNETH ROCCO, P.J., AND JAMES D. SWEENEY, J., CONCUR.