JOURNAL ENTRY and OPINION
Applicant Lonnie Patrick has filed a timely application for reopening pursuant to App. R. 26(B). He is attempting to reopen the appellate judgment that was rendered by this court in State v. Patrick (Sep. 13, 2001), Cuyahoga App. No. 78605, unreported. In that opinion, we affirmed defendant's twenty-nine month sentence for his guilt pleas to receiving stolen property and attempted grand theft.
In his application to reopen, Patrick claims that appellate counsel was ineffective because:
 I. APPELLATE COUNSEL GROSSLY MISCONSTRUED THE STATUTORY REQUIREMENTS OF R.C. 2929.14(E)(4), AND FAILED TO PROPERLY ARGUE THE TRIAL COURT'S FAILURE TO COMPLY WITH STATUTES: R.C. 2929.14(E)(4) AND R.C. 2929.19(B)(2)(C).
 II. APPELLATE COUNSEL FAILED TO DO RESEARCH AND/OR CITE ANY APPLICABLE AUTHORITIES SUPPORTING ARGUMENT IN CITED ERROR NO. TWO.
 III. APPELLATE COUNSEL FAILED TO FILE MOTION FOR RECONSIDERATION.
For the following reasons, we decline to reopen Mr. Patrick's original appeals.
The doctrine of Res Judicata prohibits this court from reopening the original appeal. Errors of law that were either raised or could have been raised through a direct appeal may be barred from further review vis-a-vis the doctrine of res judicata.
See, generally, State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 1204. The Supreme Court of Ohio has further established that a claim for ineffective assistance of counsel may be barred by the doctrine of resjudicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204. Under these circumstances, we do not find the application of res judicata to be unjust.
Patrick possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. The Applicant, however, did not file an appeal with the Supreme Court of Ohio and has further failed to provide this court with any valid reason why no appeal was taken to the Supreme Court of Ohio. State v. Hicks (Oct. 28, 1982), Cuyahoga App. No. 44456, unreported, reopening disallowed (Apr. 19, 1994), Motion No. 50328, affirmed (Aug. 3, 1994), 70 Ohio St.3d 1408, 637 N.E.2d 6.
Furthermore, the record indicates that Patrick filed a supplemental brief in his direct appeal. Courts have consistently held that res judicata
bars an application to reopen when the appellant files a pro se brief.State v. Tyler (1994), 71 Ohio St.3d 398, 643 N.E.2d 1150, cert. denied (1995), 516 U.S. 829, 116 S.Ct. 98, 133 L. Ed.2d 53; State v. Boone
(1996), 114 Ohio App.3d 275, 683 N.E.2d 67; State v. Barnes (Mar. 24, 1986), Cuyahoga App. No. 50318, unreported, reopening disallowed (Mar. 4, 1994), Motion No. 36464; State v. Williams (Oct. 31, 1996), Cuyahoga App. No. 69936, unreported, reopening disallowed (Apr. 24, 1997), Motion No. 80441; State v. Larkins (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, unreported, reopening disallowed (Aug. 19, 1996), Motion No. 68671; and State v. Graff (July 13, 2000), Cuyahoga App. No. 74860, unreported, reopening disallowed (May 8, 2001), Motion No. 20937.
Notwithstanding the above, we also find that Patrick was not deprived of the effective assistance of appellate counsel. Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; Jonesv. Barnes (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987; State v.Smith (1985), 17 Ohio St.3d 98, 477 N.E.2d 1128; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 209 N.E.2d 164.
Accordingly, Mr. Patrick's application for reopening is denied.
JAMES D. SWEENEY, P.J., and JAMES J. SWEENEY, J., CONCUR.