JOURNAL ENTRY AND OPINION
On March 25, 2002, the applicant, William Bruce, applied, pursuant to App.R. 26(B), to reopen this court's judgment in State of Ohio v. WilliamBruce (Oct. 6, 1997), Cuyahoga App. No. 70982, unreported, which affirmed his convictions and sentences for aggravated burglary and kidnapping. For the following reasons, this court denies the application to reopen.
The foundation for reopening an appeal under App.R. 26(B) is ineffective assistance of appellate counsel. Mr. Bruce is precluded from arguing that point because he represented himself on appeal. State v.Smith (Dec. 10, 2001), Cuyahoga App. No. 79292, unreported, reopening disallowed (Mar. 8, 2002), Motion No. 36058; State v. Boone (1996),114 Ohio App.3d 275, 683 N.E.2d 67; State v. Bobo (Jan. 9, 1996), Cuyahoga App. No. 60013, unreported, reopening disallowed (Apr. 10, 1996), Motion No. 69762; State v. Drake (July 2, 1998), Cuyahoga App. No. 74661, unreported, reopening disallowed (Jun. 24, 1999), Motion No. 4637; State v. Thornton (Apr. 15, 1999), Cuyahoga App. No. 76014, unreported, reopening disallowed (Mar. 9, 2000), Motion No. 8113; andState v. Hall (Dec. 16, 1999) Cuyahoga App. No. 75386, unreported, reopening disallowed (May 17, 2000), Motion No. 15531.
In fact, Mr. Bruce represented himself at the trial level. After the conviction, appellate counsel was appointed for Mr. Bruce, and that counsel prepared a brief. When Mr. Bruce saw the brief, he petitioned this court to dismiss the appointed counsel and allow him to proceed prose. In that motion, Mr. Bruce stated that he never wanted appellate counsel and that the appointed counsel's assistance was already ineffective because he misrepresented the facts and failed to raise the issue of sufficiency of the evidence. This court granted that motion, and Mr. Bruce timely submitted a brief arguing sufficiency of the evidence, manifest weight of the evidence and prosecutorial misconduct. Now Mr. Bruce complains that neither the trial court nor this court adequately warned him of the dangers of proceeding pro se. He maintains that his appellate counsel should have argued that the trial court did not adequately advise him of the consequences of proceeding pro se so that he could make a knowing, willing and intelligent waiver of his right to counsel. This argument is unpersuasive because it is causally unrelated to deficiencies by appellate counsel. Moreover, if Mr. Bruce could conclude during the appeal that his attorney was ineffective and could formulate arguments relating to prosecutorial misconduct and the weight of the evidence, then nothing prevented him from formulating the assignment of error he now proposes. In State v. Reddick (1995),72 Ohio St.3d 88, 90-91, 647 N.E.2d 784, the Supreme Court of Ohio stated: "Neither Murnahan nor App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals."
The court further notes that App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within ninety days from journalization of the decision unless the applicant shows good cause for filing at a later time. The March 25, 2002 application was filed four years and five months after this court's decision. The courts have generally rejected ignorance of the law as good cause. State v. Klein (Apr. 8, 1991), Cuyahoga App. No. 58389, unreported, reopening disallowed (Mar. 15, 1994), Motion No. 49260, affirmed (1994), 69 Ohio St.3d 1481; State v. Trammell (July 24, 1995), Cuyahoga App. No. 67834, unreported, reopening disallowed (Apr. 22, 1996), Motion No. 70493; State v. Cummings (Oct. 17, 1996) Cuyahoga App. No. 69966, unreported, reopening disallowed (Mar. 26, 1998), Motion No. 92134; and State v. Young (Oct. 13, 1994), Cuyahoga App. Nos. 66768 and 66769, unreported, reopening disallowed (Dec. 5, 1995), Motion No. 66164. Ignorance of the law is no excuse.
Mr. Bruce also claims that he had difficulty in obtaining the transcript and other parts of the record. This court has repeatedly held that difficulty in obtaining the transcript does not constitute good cause. In State v. Towns (Oct. 23, 1997), Cuyahoga App. No. 71244, unreported, reopening disallowed (May 4, 2000), Motion No. 6308, the applicant endeavored to show good cause for untimely filing by arguing that his counsel was uncooperative and refused to send him any documents concerning the case. This court rejected that argument ruling that "being a layman and experiencing delays in obtaining records related to one's conviction are not sufficient bases for establishing good cause for untimely filing of an application for reopening." (Slip Op. at 3.) See, also, State v. Bussey (Dec. 2, 1999), Cuyahoga App. No. 75301, unreported, reopening disallowed (Aug. 8, 2000), Motion No. 16647; Cityof Newburgh Heights v. Chauncey (Aug. 26, 1999), Cuyahoga App. No. 75465, unreported, reopening disallowed (Oct. 20. 2000), Motion No. 17839; State v. Blackmon (July 18, 1985), Cuyahoga App. No. 48787, reopening disallowed (Oct. 25, 2000), Motion No. 18768; State v. Sanchez
(June 9, 1994), Cuyahoga App. No. 62796, unreported, reopening disallowed (Aug. 16, 2001), Motion No. 23717; State v. Chandler (Mar. 5, 1992), Cuyahoga App. No. 59764, unreported, reopening disallowed, (Aug. 13, 2001) Motion No. 24366 — counsel's delays in sending applicant the transcript and refusal of access to parts of the transcript did not state good cause.
Finally, he claims that because he is in a Pennsylvania prison, he did not have access to Ohio law and thus, could not prepare his application. This court has also generally held that limitations in library resources do not state good cause. State v. Kaszas (Sept. 21, 1998), Cuyahoga App. Nos. 72546 and 72547, unreported, reopening disallowed (Aug. 14, 2000), Motion No. 16752; State v. Stearns (July 24, 2000), Cuyahoga App. No. 76513, unreported, reopening disallowed (Feb. 14, 2002), Motion No. 27761 and State v. Turner (Nov. 16, 1989), Cuyahoga App. No. 55960, unreported, reopening disallowed (Aug. 20, 2001), Motion No. 23221.
Furthermore, in State v. McCants (Jan. 7, 1998), Cuyahoga App. Nos. 73601, 73602, 73603 and 73604, unreported, reopening disallowed (Apr. 24, 2001), Motion No. 25650, this court rejected the argument that being a federal prisoner, with the corresponding lack of Ohio legal resources, provided good cause for untimely filing an application to reopen. Mr. McCants also represented himself on direct appeal, and the court added that as an additional basis for denying the application.
Accordingly, the application to reopen is denied.
MICHAEL J. CORRIGAN, P.J., AND JAMES J. SWEENEY, J., CONCUR.