JOURNAL ENTRY AND OPINION
{¶ 1} In State v. Spurlock, Cuyahoga County Court of Common Pleas Case No. CR-342219, applicant, Frank R. Spurlock, pled guilty to and was convicted of two counts of felonious assault with gun specifications on each count in a journal entry received for filing on November 22, 1996. Spurlock filed a pro se motion for leave to file delayed appeal on October 1, 2002. This court denied that motion in State v. Spurlock, Cuyahoga App. No. 81830, Entry No. 42107 and entered judgment dismissing Spurlock's appeal by entries received for filing on October 28, 2002. Spurlock did not appeal to the Supreme Court of Ohio.
 {¶ 2} Spurlock has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his assigned trial counsel did not file an appeal as requested. Yet, Spurlock does not indicate where in the record his request to assigned trial counsel appears.
 {¶ 3} We deny the application for reopening. As required by App. R. 26(B)(6), the reasons for our denial follow.
 {¶ 4} Spurlock filed his direct appeal pro se and the record does not reflect an entry of appearance of counsel on appeal.
"An application for reopening, as filed pursuant to App. R. 26(B), must be based upon a claim of ineffective assistance of appellate counsel. See App. R. 26(B)(1). [Applicant], however, represented himself on appeal to this court in [his direct appeal]. Therefore, he is precluded from arguing his own ineffective assistance of appellate counsel through the present application for reopening. State v. Boone (1996),114 Ohio App.3d 275, 683 N.E.2d 67; State v. Smith (Nov. 29, 2001), Cuyahoga App. No. 79292, 2001 Ohio App. LEXIS 5290, reopening disallowed (Mar. 8, 2002), Motion No. 36058, 2002 Ohio App. LEXIS 1152; State v.Bobo (Jan. 16, 1996), Cuyahoga App. No. 60013, reopening disallowed (Apr. 10, 1996), Motion No. 69762."
State v. Steimle, Cuyahoga App. Nos. 77005, 77006, 77302 and 77303,2005-Ohio-3478, at ¶ 2.
 {¶ 5} The state argues that reopening is inappropriate because Spurlock represented himself in his direct appeal. As Stiemle clearly indicates, we must agree. This court may not grant a request for reopening of an appeal in which the appellant did not have counsel.
 {¶ 6} Accordingly, the application for reopening is denied.
Gallagher, P.J., Concurs, Calabrese, Jr., J., Concurs.