{¶ 1} Caliel Carey has filed a timely application for reopening pursuant to App.R. 26(B). Carey is attempting to reopen the appellate judgment that was rendered by this court in State v. Carey, Cuyahoga App. No. 88487, 2007-Ohio-3073, which affirmed his conviction for two counts of aggravated robbery with firearm specifications and the resulting sentence of incarceration. For the following reasons, we decline to reopen Carey's appeal.
 {¶ 2} Initially, we find that the doctrine of res judicata prevents this court from reopening Carey's appeal. Errors of law that were either previously raised or could have been raised upon appeal may be barred from further review vis-a-vis the doctrine of res judicata. State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph one of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from further review, by the doctrine of res judicata, unless circumstances render the allocation of the doctrine unjust. State v. Murnahan (1992),63 Ohio St.3d 60, 584 N.E.2d 1204; State v. Williams (Feb. 21, 1991), Cuyahoga App. No. 57988, unreported, reopening disallowed (Aug. 15, 1994), Motion No. 252614.
 {¶ 3} Herein, Carey possessed an earlier opportunity to present the issue of ineffective assistance of appellate counsel through a claimed appeal of right to the Supreme Court of Ohio. Carey, however, did not file an appeal with the Supreme Court of Ohio and has not provided this court with any reason for not filing such an *Page 4 
appeal and/or why the application of the doctrine of res judicata is unjust. Thus, the doctrine of res judicata prevent further review of the issue of ineffective assistance of appellate counsel. State v. Bugg
(Sept. 30, 1999), Cuyahoga App. No. 74847, unreported, reopening disallowed (Apr. 7, 2000), Motion No. 313465; State v. Borrero (Apr. 18, 1996), Cuyahoga App. No. 69289, unreported, reopening disallowed (Jan. 22, 1997), Motion No. 273559.
 {¶ 4} In addition, a review of the original appeal discloses that Carey was permitted to file a pro se brief and that he raised two assignments of error. Since Carey was permitted to file a pro se brief and assignments of error, res judicata bars his application for reopening.
 {¶ 5} "The courts have repeatedly ruled that res judicata bars an application to reopen when the appellant has filed a pro se brief.State v. Tyler, 71 Ohio St.3d 398, 1994-Ohio-8, 643 N.E.2d 1150, cert. denied (1995), 516 U.S. 829, 116 S.Ct. 98, 133 L.Ed.2d 53; State v.Boone (1996), 114 Ohio App.3d 275, 683 N.E.2d 67; State v. Barnes (Mar. 24, 1986), Cuyahoga App. No. 50318, unreported, reopening disallowed (Mar. 4, 1994), Motion No. 36464; State v. Williams (Oct. 31, 1996), Cuyahoga App. No. 69936, unreported, reopening disallowed (Apr. 24, 1997), Motion No. 280441 and State v. Larkins (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, unreported, reopening disallowed (Aug. 19, 1996), Motion No. 268671. In State v. Reddick (1995), 72 Ohio St.3d 88,90-91, 647 N.E.2d 784, the Supreme Court of Ohio stated: `Neither Murnahan nor App.R. 26(B) was intended as an open *Page 5 
invitation for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals.'" State v. Stewart (Nov. 19, 1998), Cuyahoga App. No. 73255, unreported, reopening disallowed (June 29, 1999), Motion No. 304568, at 8, appeal dismissed (1999),87 Ohio St.3d 1406, 716 N.E.2d 1168.
 {¶ 6} Once again, the doctrine of res judicata prevents a reopening of Carey's direct appeal, since he filed pro se assignments of error.
 {¶ 7} Finally, a substantive review of Carey's application for reopening fails to support the claim of ineffective assistance of appellate counsel. In State v. Spivey, 84 Ohio St.3d 24, 1998-Ohio-704,701 N.E.2d 696, the Supreme Court of Ohio examined the test that must be applied to an application for reopening as made pursuant to App.R. 26(B):
 {¶ 8} "In State v. Reed (1996), 74 Ohio St.3d 534, 535,660 N.E.2d 456, 458, we held that the two prong analysis found in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a `reasonable probability' that he would have been successful. Thus [applicant] bears the burden of establishing that there was a `genuine issue' as to whether he has a `colorable claim' of ineffective assistance of counsel on appeal." State v. Spivey, supra, at 25. *Page 6 
 {¶ 9} In the case sub judice, Carey argues that his appellate counsel was ineffective for failing to argue that count two of the indictment was defective. Specifically, Carey argues that the name of victim, as originally specified in count two of the indictment, was incorrect.
 {¶ 10} A review of the transcript of proceedings, however, clearly demonstrates that the identity of the victim, as contained within count two of the indictment, was corrected prior to trial:
 {¶ 11} "THE COURT: Before you leave, on the record, for the record, the record should reflect that by agreement the State of Ohio has amended Count 2 of the indictment to show the date being April 19th of `05, and the victim, by interlineation, instead of Samuel Wingo, is Anthony Perry.
 {¶ 12} "That was done without objection, correct, Mr. Jenkins?
 {¶ 13} "MR. JENKINS: Correct, your Honor.
 {¶ 14} "THE COURT: So reflected." Transcript of Proceedings, Vol. I, Pg. 110.
 {¶ 15} Pursuant to R.C. 2941.28, R.C. 2941.30, and Crim.R. 7, the trial court was permitted to amend count two of the indictment in order to reflect the correct name of the victim and the actual date of the charged offense. State v. Brooks, 75 Ohio St.3d 148, 1996-Ohio-134,661 N.E.2d 1030; State v. Owens (1975), 51 Ohio App.2d 132, 366 N.E.2d 1367;State v. Smith, Cuyahoga App. No. 79527, 2002-Ohio-2145. Since it was permissible for the trial court to amend count two of the *Page 7 
indictment, we find that Carey's appellate counsel was not ineffective upon appeal vis-a-vis the claim that count two of the indictment was defective. Accordingly, Carey has failed to demonstrate that his appellate counsel was ineffective upon appeal.
Application for reopening denied.
 SEAN C. GALLAGHER, P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1