[Cite as *Olmsted Falls v. Buckwald*, 2011-Ohio-6174.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 94350

---

## CITY OF OLMSTED FALLS

PLAINTIFF-APPELLEE

vs.

## RALPH D. BUCKWALD

DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Berea Municipal Court
Case Nos. 08TRC04655 and 08CRB01334
Application for Reopening
Motion No. 445265

**RELEASE DATE:** December 2, 2011

**FOR APPELLANT**

Ralph D. Buckwald
Inmate #0121730
Cuyahoga County Jail
P. O. Box 5600
Cleveland, OH  44101

**ATTORNEY FOR APPELLEE**

Gregory M. Sponseller
Director of Law
City of Berea
11 Berea Commons
Berea, OH  44017

MARY EILEEN KILBANE, A.J.:

{¶ 1}   On June 13, 2011, the applicant, Ralph Buckwald, pursuant to App.R. 26(B), applied to reopen this court's judgment in *City of Olmsted Falls v. Ralph Buckwald* (Dec. 9, 2009), Cuyahoga App. No. 94350 in which this court dismissed Buckwald's appeal as untimely.[1]  Buckwald who represented himself on appeal argues that his appeal should be reopened because (1) he timely tendered his appellate papers to the clerk of the Berea Municipal Court, but the clerk rejected them as incomplete, and (2) he should not have been convicted of a motor vehicle offense because he was riding a bicycle at the time.  For the following reasons, this court denies his application to reopen.

---

[1] On September 23, 2009, Buckwald pleaded no contest to driving under the influence, and the court sentenced him to ten days in jail, one-year driver's license suspension, and a $500 fine suspended.  Buckwald filed his appeal on November 30, 2009, without seeking leave to file a delayed appeal.

**{¶ 2}** First, res judicata bars this application. See, generally, *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated. In *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, the supreme court ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.

**{¶ 3}** In the present case, Buckwald made the same argument on timeliness in a motion for reconsideration filed on December 16, 2009, and in an addendum filed on December 18, 2009, as he does in the present application to reopen. This court rejected that argument in February 2010, by denying the motion for reconsideration under Appellate Rules 4, 5, and 26. This court should not and will not reconsider its ruling after the matter has been fully and fairly presented.

**{¶ 4}** Moreover, an application to reopen pursuant to App.R. 26(B) is the wrong remedy. Subsection (B)(1) states this remedy's scope: "A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Because Buckwald represented himself in the appeal, he is now precluded from arguing ineffective assistance of appellate counsel. *State v. Boone* (1996), 114 Ohio App.3d 275, 683 N.E.2d 67; *State v. Vines* (Sept. 14, 1989), Cuyahoga App. No. 55693 and (Nov. 3, 2000), Cuyahoga App. No. 78691, reopening disallowed (June 5, 2003), Motion No. 347277; *State v. Smith* (Dec. 10, 2001), Cuyahoga App. No. 79292, reopening disallowed (Mar. 8, 2002), Motion No. 336058; and *State v.*

*Jackson*, Cuyahoga App. No. 80118, 2002-Ohio-5461. As the United States Supreme Court noted in *Faretta v. California* (1975), 422 U.S. 806, 834, n.46, 95 S.Ct. 2525, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"

{¶ 5} Finally, App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. The June 2011 application was filed approximately a year and one-half after this court's decision. Thus, it is untimely on its face. However, Buckwald offers no explanation for his untimely filing of the application to reopen. He only repeats his argument that he timely tendered the original notice of appeal, but the municipal court clerk refused to file it for failure to tender the filing fee. That does not satisfy the good cause requirement under App.R. 26(B). *State v. LaMar*, 102 Ohio St.3d 467, 2004-Ohio-3976, 812 N.E.2d 970, and *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d 861.

{¶ 6} Accordingly, this court denies the application to reopen.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
SEAN C. GALLAGHER, J., CONCUR