[Cite as State v. Orr, 2014-Ohio-5274.]

 Court of Appeals of Ohio
 EIGHTH APPELLATE DISTRICT
 COUNTY OF CUYAHOGA

 JOURNAL ENTRY AND OPINION
 No. 100841

 STATE OF OHIO

 PLAINTIFF-APPELLEE

 vs.

 DARLLEL B. ORR

 DEFENDANT-APPELLANT

 JUDGMENT:
 APPLICATION DENIED

 Cuyahoga County Court of Common Pleas
 Case No. CR-12-560637-A
 Application for Reopening
 Motion No. 479951

 RELEASE DATE: November 21, 2014
FOR APPELLANT

Darllel B. Orr, pro se
Inmate No. 0206100
Cuyahoga County Jail
P.O. Box 5600
Cleveland, Ohio 44101

ATTORNEYS FOR APPELLEE

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brent C. Kirvel
 Edward R. Fadel
Assistant County Prosecutors
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113
MARY J. BOYLE, A.J.:

 {¶1} On November 4, 2014, the applicant, Darllel Orr, pursuant to App.R. 26(B),

applied to reopen this court’s judgment in State v. Orr, 8th Dist. Cuyahoga No. 100841,

2014-Ohio-4680, in which this court affirmed Orr’s convictions for aggravated murder,

kidnapping, aggravated burglary, aggravated robbery, and having a weapon while under

disability. Orr now argues that his appellate counsel was ineffective for not arguing the

improprieties of a cheek swab taken for DNA identification.1 For the following reasons, this

court denies the application.

 {¶2} In the present case, Orr’s appellate counsel argued lack of jurisdiction because of

an improper jury waiver, failure of compulsory process, sufficiency of the evidence, and manifest

weight. This court also considered Orr’s two supplemental pro se briefs in which he argued,

inter alia, lack of jurisdiction because there was no valid complaint, violation of his right to

confrontation, denial of a speedy trial, improperly inducing him to waive his right to a jury trial,

and prosecutorial misconduct.

 {¶3} Res judicata now properly bars this application. See generally State v. Perry, 10

Ohio St.2d 175, 226 N.E.2d 104 (1967). Res judicata prevents repeated attacks on a final

judgment and applies to all issues that were or might have been litigated. In State v. Murnahan,

63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), the Supreme Court ruled that res judicata may bar a

claim of ineffective assistance of appellate counsel unless circumstances render the application of

the doctrine unjust.

 1 On the early morning of October 10, 2011, two armed men entered a house occupied by
five people. One of those, a 15-year-old girl, testified that two men pointed handguns in her face
and asked if there was any money in the house. Subsequently, the intruders shot and killed a man
who was living in the house. A mask found in the house after the incident contained Orr’s DNA.
 {¶4} Because Orr filed his own appellate brief and raised his own assignments of error,

res judicata applies. Nothing prevented Orr from deducing the current argument when he could

formulate arguments relating to jurisdiction, speedy trial, right to a jury, and prosecutorial

misconduct. The courts have repeatedly ruled that res judicata bars an application to reopen

when the appellant has filed a pro se brief. State v. Tyler, 71 Ohio St.3d 398, 1994-Ohio-8, 643

N.E.2d 1150; State v. Boone, 114 Ohio App.3d 275, 683 N.E.2d 67 (7th Dist.1996); and State

v. Hurt, 8th Dist. Cuyahoga No. 96032, 2012-Ohio 4268. In State v. Reddick, 72 Ohio St.3d 88,

90-91, 647 N.E.2d 784 (1995), the Supreme Court of Ohio stated: “Neither Murnahan nor

App.R. 26(B) was intended as an open invitation for persons sentenced to long periods of

incarceration to concoct new theories of ineffective assistance of appellate counsel in order to

have a new round of appeals.”

 {¶5} Accordingly, the application for reopening is denied.

MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
TIM McCORMACK, J., CONCUR