[Cite as *State v. Wright*, 2011-Ohio-2657.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
## Nos. 92594 and 95096

---

## STATE OF OHIO

RELATOR

VS.

## WILLIAM WRIGHT

RESPONDENT

---

## JUDGMENT:
## APPLICATION DENIED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-508029

**BEFORE:** Jones, P.J., Keogh, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 27, 2011

FOR APPELLANT

William Wright, Pro se
Inmate #561-218
Grafton Correctional Institution
2500 S. Avon Belden Road
Grafton, Ohio 44044


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1} On May 5, 2011, the applicant, William Wright ("Wright"), pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 584 N.E.2d 1204, applied to reopen this court's judgments in *State v. Wright*, Cuyahoga App. No. 92594, 2010-Ohio-243 (Case 1) and *State v. Wright*, Cuyahoga App. No. 95096, 2011-Ohio-733 (Case 2). In Case 1, this court affirmed Wright's convictions for four counts of child endangering, but reversed and remanded for resentencing because the four counts were allied offenses. In Case 2, this court affirmed the resentencing in which the state merged Counts 2, 3, and 4 into Count 1, and the trial court reimposed the original sentence of eight years for Count 1. Wright argues that his appellate lawyers were ineffective for failing to argue, inter alia, the validity of the indictments, the sufficiency and weight of the evidence, the propriety of the evidence, and the harshness of the sentence. For the following reasons, this court denies the application.

{¶ 2} App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. Wright filed this application approximately 15 months after the journalization of Case 1. Thus, to the extent that he is seeking to reopen Case 1, the application is untimely on its face. Wright makes no attempt to

show good cause for his untimely filing.

{¶ 3}  Furthermore, res judicata properly bars this application.  See, generally, *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104.  Res judicata prevents repeated attacks on a final judgment and applies to all issues which were or might have been litigated.  In *Murnahan*, the Supreme Court of Ohio ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.

{¶ 4}  In the present case, Wright filed his own appellate briefs in both Case 1 and Case 2.   Most of his current arguments are variations on the arguments he, his lawyers or this court previously raised.   Furthermore, the courts have repeatedly ruled that res judicata bars an application to reopen when the appellant has filed a pro se brief. *State v. Tyler*, 71 Ohio St.3d 398, 1994-Ohio-8, 643 N.E.2d 1150,   cert. denied (1995), 516 U.S. 829,116 S.Ct. 98, 133 L.Ed.2d 53; *State v. Boone* (1996), 114 Ohio App.3d 275, 683 N.E.2d 67; *State v. Barnes* (Mar. 13, 1986), Cuyahoga App. No. 50318, reopening disallowed (Mar. 4, 1994), Motion No. 136464; *State v. Williams* (Oct. 31, 1996), Cuyahoga App. No. 69936, reopening disallowed (Apr. 24, 1997), Motion No. 280441; and *State v. Larkins* (Oct. 8, 1987), Cuyahoga App. Nos. 52779 and 52780, reopening disallowed (Aug. 19, 1996), Motion No. 268671.   In *State v. Reddick* (1995), 72 Ohio St.3d 88, 90-91, 647 N.E.2d 784, the Supreme Court of Ohio stated: "Neither *Murnahan* nor App.R. 26(B) was intended as an open invitation

for persons sentenced to long periods of incarceration to concoct new theories of ineffective assistance of appellate counsel in order to have a new round of appeals."

Accordingly, the application for reopening is denied.

_____
LARRY A. JONES, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR