[Cite as *State v. Maddox*, 2012-Ohio-478.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 96885

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ADRIAN MADDOX

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-545799

**BEFORE:** S. Gallagher, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:** February 9, 2012

**ATTORNEY FOR APPELLANT**

Brett M. Mancino
Janik L.L.P.
9200 South Hills Boulevard
Suite 300
Cleveland, OH   44147-3521

**Also listed:**

Adrian Maddox, pro se
Inmate No. 601-191
Marion Correctional Institution
P.O. Box 57
Marion, OH   43301

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: James Hofelich
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, P.J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶ 2} Defendant-appellant Adrian Maddox appeals his conviction in Cuyahoga County C.P. No. CR-545799 for one count of vandalism in violation of R.C. 2909.05(B)(1)(b)

and one count of breaking and entering in violation of R.C. 2911.13(A), both felonies of the fifth degree. The trial court sentenced Maddox to one year of imprisonment on both counts, with the sentences to run consecutively. For the following reasons, we affirm.

{¶ 3} On December 25, 2010, Maddox threw a rock through the window of a delicatessen, ransacked the store causing damage to the owner's property, and stole less than $500 worth of tobacco products.

{¶ 4} Maddox was indicted on one count of vandalism for causing damage to the delicatessen's property needed to engage in business, one count for breaking and entering with the intent to commit a theft offense, and one count for theft of property worth less than $500. Maddox pleaded guilty to the vandalism and breaking and entering charges. The state nolled the remaining theft charge. Prior to his sentencing hearing, but after securing a reduced bond and posting bail, Maddox filed a pro se motion to withdraw his guilty plea. At all times Maddox was represented by appointed counsel. At the sentencing hearing, the trial court heard arguments on Maddox's pro se motion, denied the motion, and sentenced Maddox to an aggregate two-year term of imprisonment. Maddox timely appealed his conviction, raising five assignments of error, which provide the following:

> I. Maddox's offenses are allied offenses of similar import and should have been merged into a single conviction. Ohio's merger law, Maddox's right to due process, and his double jeopardy right against cumulative punishments for the same offense were violated.

II. Maddox's guilty plea was not made knowingly, voluntarily, and intelligently, and, as a result, the court's acceptance of that plea was in violation of Maddox's constitutional rights and Criminal Rule 11.

III. [Maddox's] defense counsel was ineffective for not raising the issues of allied offenses of similar import, [and] also was ineffective for not acting on Maddox's request to withdraw his plea before sentencing.

IV. The trial court abused its discretion in refusing to allow Maddox to withdraw his guilty plea.

V. The trial judge was biased and therefore denied Maddox due process of law.

We will combine any overlapping arguments.

## Allied Offenses

{¶ 5} The record reflects that Maddox never raised or affirmatively waived the issue of merger in the trial court and therefore has waived all but plain error on appeal. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Crim.R. 52(B). "Plain error exists only if but for the error, the outcome of the trial clearly would have been otherwise, and is applied under exceptional circumstances and only to prevent a manifest miscarriage of justice." (Citation and quotations omitted.) *State v. Harrison*, 122 Ohio St.3d 512, 2009-Ohio-3547, 912 N.E.2d 1106, ¶ 61.

{¶ 6} The legislature enacted R.C. 2941.25 to uphold double jeopardy principles. R.C. 2941.25 provides as follows:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

> (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Supreme Court established, through a two-tiered test, that the conduct of the accused must be considered when determining whether offenses are allied offenses of similar import subject to merger. The first inquiry focuses on whether it is possible to commit multiple offenses with the same conduct. *Johnson* at ¶ 48. If the offenses "correspond to such a degree that the *conduct of the defendant* constituting commission of one offense constitutes commission of the other, then the offenses are of similar import." (Emphasis added.) *Id.* It is not necessary that both crimes are always committed by the same conduct, only whether it is possible for the defendant's conduct to result in the commission of both offenses. *Id.* If it is possible to commit both offenses with the same conduct, then courts must look at the "state of mind" of the offender to determine if the offender acted with a separate animus or purpose in committing two or more offenses. *Id.*

**{¶ 7}** The *Johnson* test relies on the facts of the criminal conduct in order to determine whether the offenses are allied offenses subject to merger. "Post *Johnson*, courts must undertake a case-by-case inquiry as to whether the defendant's conduct can constitute the commission of more than one charged offense." *State v. Hicks*, 8th Dist. No. 95169, 2011-Ohio-2780, 2011 WL 2376467, ¶ 10; *State v. Snuffer*, 8th Dist. Nos. 96480, 96481, 96482, and 96483, 2011-Ohio-6430, 2011 WL 6245774 (noting that the court must undergo a factual inquiry during sentencing to determine whether the offenses are allied). We are, therefore, cognizant that in the event of a plea, the state must proffer sufficient evidence at the sentencing hearing of how the subject offenses occurred in order to determine whether they merge. *Snuffer* at ¶ 10.

**{¶ 8}** Maddox argues that the only damage to the store was the broken window that fell in on the scale the store owners needed to operate the business. In his pro se motion to withdraw his plea, Maddox claimed that the damage to the window and scale only cost $800 and the window and the scale were damaged through the process of breaking and entering. Maddox argues the window he forced open fell on and caused the damage to the scale. The state counters by stating that the delicatessen was "ransacked," causing almost $3,000 of damage to the owner's store.

**{¶ 9}** Maddox was charged with a violation of R.C. 2909.05(B)(1)(b), which provides in pertinent part: "No person shall knowingly cause physical harm to property that is owned

or possessed by another, when * * * the property or its equivalent is necessary in order for its owner or possessor to engage in the owner's or possessor's profession, business, trade, or occupation[,]" and a violation of R.C. 2911.13(A), which provides: "(A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."

{¶ 10} The state argued that several thousand dollars of damage, including the damage to the scale, was caused after Maddox forcibly entered the premises. Even if the scale was indeed damaged by the falling window caused by Maddox's entry into the delicatessen, Maddox's conduct of breaking the window could not have resulted in the commission of both offenses; i.e., the act of breaking into the store alone could not cause the $3,000 damage to the rest of the store underlying the vandalism charge in this case. In fact, Maddox himself argues the damage to the scale and window only cost $800. Maddox never addresses the rest of the damage to the store, and we must therefore overrule his first assignment of error. Maddox's ineffective assistance of counsel argument based on the merger issue is likewise overruled.

### Presentence Motion to Vacate Plea

{¶ 11} Maddox next challenges the trial court's decision to deny his presentence motion to vacate his plea. His arguments are without merit.

{¶ 12} Crim.R. 32.1 states as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended;

but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." A presentence motion to withdraw a guilty plea should be freely granted. "Nevertheless, it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing. Therefore, the trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). The decision to grant or deny such motion is entirely within the trial court's discretion. We will not alter a trial court's decision absent a showing of an abuse of discretion. *Id.*; *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), at syllabus.

{¶ 13} "A trial court does not abuse its discretion in overruling a motion to withdraw: (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request." *State v. Johnson*, 8th Dist. No. 83350, 2004-Ohio-2012, 2004 WL 857782, citing *Peterseim* at syllabus.

{¶ 14} In respect to the second factor above, "[w]hen a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v.*

*Engle*, 74 Ohio St.3d 525, 527, 1996-Ohio-179, 660 N.E.2d 450. The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for nonconstitutional issues is substantial compliance. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977). "A plea is in substantial compliance with Crim.R. 11 when it can be inferred from the totality of the circumstances that the defendant understands the charges against him." *State v. Walker*, 8th Dist. No. 65794, 1994 WL 530892 (Sept. 29, 1994). Furthermore, a defendant must show a prejudicial effect. *Stewart* at 93.

{¶ 15} In this case, the trial court held a hearing to determine the reasonableness of Maddox's pro se motion to vacate his plea and thoroughly considered the arguments advanced. Maddox, represented by counsel at all times, claimed he would not have pleaded guilty to the vandalism and breaking and entering charges had he known they were allied offenses.

{¶ 16} At the plea hearing, the trial court conducted a thorough colloquy detailing Maddox's rights, ensuring he understood those rights, and informing him of the potential penalties of the breaking and entering and vandalism charges. More specifically, Maddox acknowledged that he could face up to one year of imprisonment for each count of his plea. The allied offense issue is a sentencing issue, which of course does not preclude the defendant and the state from stipulating to the facts that can be used to determine whether the offenses

are allied. *See Snuffer*, 2011-Ohio-6430. Pleading guilty to crimes that are determined at the sentencing hearing to be allied reduces the potential penalty, and therefore Maddox cannot show he was prejudiced by pleading guilty to both charges. *See Stewart* at 93.

{¶ 17} Because the trial court strictly adhered to the mandates of Crim.R. 11 during the plea colloquy, thoroughly considered Maddox's motion to vacate the plea, and Maddox failed to demonstrate any prejudice, we find the trial court did not abuse its discretion in denying Maddox's motion to vacate his plea. Maddox did not have a reasonable or legitimate basis for withdrawing his plea. We accordingly overrule Maddox's arguments to the contrary, including Maddox's claim that his attorney was ineffective for failing to argue Maddox's pro se motion to withdraw his plea.

### Judicial Bias

{¶ 18} Finally, Maddox argues that the trial court's statement during the sentencing hearing directed at Maddox constitutes judicial bias. Specifically, the trial court stated during the sentencing hearing that "you [Maddox] scare me." Maddox cites *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, for the proposition that

> opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Id.*, citing *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994).

{¶ 19} It is important to note that Maddox, with at least nine theft-related convictions dating to 1986, was released on reduced bail during the pendency of his case. Maddox originally indicated in securing that release that he was not a drug addict. Despite his assurances, Maddox tested positive for cocaine several times while out on bail. The trial court, after relating Maddox's case history, announced Maddox's jail sentence. When the court announced its decision, Maddox became confrontational and asked the court to remove him from the courtroom. The court then noted that Maddox was unable to conform his conduct while under the watchful eye of a deputy and court staff and that he failed to be truthful with his history of drug abuse. It was under these circumstances and in light of Maddox's history of recidivism, that the court stated that Maddox's conduct "scared" the court.

{¶ 20} The record indicates that the court's comment was based on the facts and circumstances gleaned from the course of Maddox's trial proceedings. The comment also does not demonstrate a deep-seated favoritism or antagonism that made fair judgment impossible. In fact, the comment merely reflects the court's attention to Maddox's extensive criminal history and proclivity to deceive the court. Accordingly, no judicial bias was demonstrated, and Maddox's fifth assignment of error is overruled.

{¶ 21} The decision of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR