[Cite as *State v. Maddox*, 2012-Ohio-3800.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96885

---

# STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

# ADRIAN MADDOX

### DEFENDANT-APPELLANT

---

## JUDGMENT:
## APPLICATION DENIED

---

Cuyahoga County Common Pleas Court
Case No. CR-545799
Application for Reopening
Motion No. 454693

**RELEASE DATE:**   August 20, 2012

**FOR APPELLANT**

Adrian Maddox, pro se
Inmate #601-191
Marion Correctional Institution
P.O. Box 57
940 Marion-Williamsport Road
Marion, Ohio   43302


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:    Mark J. Mahoney
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, P.J.:

**{¶1}** On May 2, 2012, the applicant, Adrian Maddox, applied, pursuant to App.R. 26(B), to reopen this court's judgment in *State v. Maddox*, 8th Dist. No. 96885, 2012-Ohio-478, in which this court affirmed Maddox's convictions and sentences for one count of breaking and entering and one count of vandalism. Maddox claims that his appellate counsel was deficient for not contacting him, for not arguing that his guilty plea was coerced by improper police tactics and threats, and for not arguing that improper evidence was admitted on the issue of restitution. On June 1, 2012, the state of Ohio filed its brief in opposition. For the following reasons, this court denies the application.

**{¶2}** In late December 2010, Maddox threw a rock through the window of a delicatessen, damaged the store's scale, ransacked the store causing additional damage, and stole less than $500 worth of tobacco products. The grand jury indicted Maddox for breaking and entering, vandalism, and theft. On February 10, 2011, pursuant to a plea bargain, Maddox pleaded guilty to breaking and entering, and vandalism, and the state nolled the theft charge. As part of the plea bargain, Maddox agreed to pay between $2,700 and $3,000 in restitution.

**{¶3}** On February 28, 2011, before sentencing, Maddox filed a pro se motion to withdraw his guilty plea. He argued, inter alia, that his lawyer misrepresented the plea bargain by saying that he would have to pay only $800 in restitution and that the police threatened he would lose his automobile, television, and other property unless he pleaded

guilty. After a hearing, the trial court denied the motion to withdraw. At sentencing, the trial judge imposed one- year sentences for each count consecutive and ordered $3,000 in restitution.

{¶4} Maddox then appealed and filed a pro se brief that argued five assignments of error: (1) vandalism and breaking and entering were allied offenses that should have been merged into one conviction; (2) his guilty plea was not voluntarily, intelligently, and knowingly made because the judge had ignored the allied offenses issue; (3) his trial counsel was ineffective for not arguing allied offenses and not arguing for the withdrawal of the guilty plea; (4) the trial judge abused her discretion in denying his motion to withdraw; and (5) the trial judge was biased. After appellate counsel had been appointed, counsel notified this court that he had reviewed the transcript and had found no additional assignments of error. Thus, this appeal proceeded on Maddox's pro se brief.

{¶5} Res judicata properly bars this application. *See generally State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated. In *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), the Supreme Court of Ohio ruled that res judicata may bar a claim of ineffective assistance of appellate counsel unless circumstances render the application of the doctrine unjust.

{¶6} In the present case, Maddox filed his own appellate brief and raised five assignments of error, which this court and appellate counsel found were reasonable

grounds for the appeal. Maddox had already argued the issues of the amount of restitution and improper police tactics and threats in his motion to withdraw his guilty plea. Indeed, he worded his statement of facts to support such an argument. Thus, nothing prevented him from arguing those issues. Furthermore, the courts have repeatedly ruled that res judicata bars an application to reopen when the appellant has filed a pro se brief. *State v. Tyler*, 71 Ohio St.3d 398, 1994-Ohio-8, 643 N.E.2d 1150; *State v. Boone*, 114 Ohio App.3d 275, 683 N.E.2d 67 (7th Dist.1996).

{¶7} Accordingly, the application for reopening is denied.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR