[Cite as *Lenard v. Russo*, 2012-Ohio-4294.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98185**

## RICHARD LENARD

PETITIONER

vs.

## JUDGE JOHN J. RUSSO

RESPONDENT

**JUDGMENT:
WRIT DENIED**

Writ of Prohibition
Motion No. 454661
Order No. 458006

**RELEASE DATE:**   September 18, 2012

**FOR PETITIONER**

Richard Lenard
Inmate No. 570-627
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, OH    43724

**ATTORNEYS FOR RESPONDENT**

William D. Mason
Cuyahoga County Prosecutor

By:    James E. Moss
Assistant County Prosecutor
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, OH 44113

KENNETH A. ROCCO, J.:

{¶1} On April 5, 2012, the petitioner, Richard Lenard, commenced this prohibition action against the respondent, Judge John J. Russo. Lenard argues that in the underlying case, *State v. Lenard,* Cuyahoga C.P. No. CR-463837, the judge's misidentifying a felony 3 as a felony 4 during a guilty plea colloquy, sentencing him on that charge as a felony 3, and then making various efforts to correct any error render the entire proceedings void. Lenard seeks prohibition to stop the continued exercise of unauthorized jurisdiction and to correct the results of the prior jurisdictionally unauthorized actions by having this court order a de novo plea hearing. On May 1, 2012, the respondent judge, through the Cuyahoga County Prosecutor, moved for summary judgment on the grounds of mootness and adequate remedy at law. On May 11, 2012, Lenard filed his brief in opposition to the motion for summary judgment. For the following reasons, this court grants the judge's summary judgment motion and denies the application for a writ of prohibition.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} In the underlying case in April 2005, the grand jury indicted Lenard on 38 counts for receiving stolen property, forgery, uttering, tampering with records, telecommunications fraud, money laundering, falsification, theft, and theft of a motor vehicle. Count 15, the count in dispute, was telecommunications fraud with the amount of loss over $100,000, a third degree felony.

{¶3} By December 7, 2005, Lenard and the state had agreed to a plea bargain.

Lenard would plea guilty to counts 1, 6, 11, 15, and 31, all indicted as third degree felonies, and to counts 18, 35, and 37, all fourth degree felonies, and the state would nolle the other charges.

{¶4} During the plea hearing the prosecutor in explaining the plea bargain stated that count 15 was a fourth degree felony. (December 7, 2005 tr. 5.) The prosecutor did not state that he was amending the indictment from a third degree felony to a fourth degree felony. Subsequently, throughout the plea hearing, the judge referred to count 15 as a fourth degree felony. This included explaining that the penalty for count 15 as a fourth degree felony was a possible term of incarceration from six to 18 months (December 7, 2005 tr. 15.) and accepting Lenard's plea to count 15 as a fourth degree felony. The journal entry for the plea states in pertinent part: "Defendant * * * enters a plea of guilty to telecommunications fraud/2913.05 - F4 as charged in count(s) 15 of the indictment."

{¶5} At the sentencing on March 16, 2006, the judge first summarized the plea agreement: Lenard had pleaded guilty to counts 1, 6, 11, 15, and 31 as third degree felonies and to counts 18, 35, and 37 as fourth degree felonies. (March 16, 2006 tr. 35.) He then sentenced Lenard to three years on each of the third degree felonies concurrent to each other, but consecutive to one year on each of the three fourth degree felonies that were also to run concurrent to each other for a total of four years. Lenard did not object to these proceedings. The judge also imposed sentence on Lenard for another case, and the sentence in the underlying case was to be consecutive to that sentence.

**{¶6}** On April 3, 2006, the judge issued a nunc pro tunc entry "correcting" the March sentencing entry: "Defendant sentenced to 3 years on counts 1, 6, 11 and 31 to run concurrently with each other and 1 year on counts 15, 18, 35 and 37 counts to run concurrently with each other and consecutive to counts 1, 6, 11 and 31." Lenard did not file an appeal at this time.

**{¶7}** Between April 2007 and May 2009, Lenard was on judicial release. In May 2009, the judge determined that Lenard had violated community control sanctions for the second time and returned Lenard to prison for a four year term, which was the remaining time left on his sentence for the underlying case when placed on judicial release. Lenard appealed the decision terminating community control sanctions, but this court affirmed the decision of the trial court. *State v. Lenard,* 8th Dist. No. 93373, 2010-Ohio-2220.

**{¶8}** By March 1, 2012, Lenard became aware of the inconsistencies surrounding count 15[1] and commenced a writ of prohibition in the Supreme Court of Ohio, *Lenard v. Russo,* Supreme Court of Ohio Case No. 2012-0357. He argued that in sentencing him to three years of imprisonment for a fourth degree felony, Judge Russo issued a void sentence by violating the statutory sentencing provisions and that, furthermore, by endeavoring to change the sentence after he had begun serving it, the judge had also exceeded his jurisdiction. Lenard concluded that a void judgment puts the parties in the position as if the void actions had not occurred; thus, the writ of prohibition should issue

---

[1] In the interim, he had filed multiple motions, petitions, appeals, and writs concerning the underlying case and raising such issues as jail time credit, improprieties on a search and search warrant, and criminal discovery.

to place the proceedings at the point of plea hearing. These are the same arguments he makes in the present case.

{¶9} On March 13, 2012, pursuant to Crim.R. 36, Judge Russo issued an order that noted that references to count 15 as a fourth degree felony were clerical errors. Accordingly, Lenard pleaded guilty to count 15 as a third degree felony and is sentenced as such. The judge vacated the April 3, 2006 entry sentencing Lenard to one year on count 15. Judge Russo then moved to dismiss the Supreme Court of Ohio prohibition action on the grounds that the May 13, 2012 entry corrected all the clerical errors.

{¶10} Lenard responded by commencing this prohibition action and by appealing the March 13, 2012 entry on April 12, 2012. *State v. Lenard*, 8th Dist. No. 98212. He also moved to dismiss the Supreme Court of Ohio prohibition action on March 29, 2012, which that court granted on May 9, 2012.

{¶11} In response to this writ, the state of Ohio and the respondent judge endeavored to cut the Gordian knot. On April 30, 2012, the state moved to dismiss count 15, and the court accordingly dismissed count 15 with prejudice the same day. The court also vacated its April 3, 2006 and March 13, 2012 entries. The judge then moved to dismiss this writ action on the grounds of mootness. Lenard argued in opposition that the court did not have jurisdiction to issue the April 30, 2012 order because the March 13, 2012 order was on appeal and that because he had already started to serve his sentence, the trial court had no jurisdiction to change it.

## LEGAL ANALYSIS

{¶12} The gravamen of Lenard's argument is that a sentence is rendered void when there is an attempt by the court to disregard statutory requirements when imposing a sentence. Moreover, once a sentence had been carried into execution, a court does not have the power to amend or modify the sentence. *State v. Garretson*, 140 Ohio App.3d 554, 748 N.E.2d 560 (12th Dist. 2000). Thus, Lenard maintains his sentence is void because the judge disregarded the statutory requirements by sentencing him to a third degree felony sentence for a fourth degree felony. Any further actions were without jurisdiction because he had already begun his sentence. Lenard characterized the errors surrounding count 15 as rendering his entire plea and sentence void. Prohibition should lie to correct the results of prior jurisdictionally unauthorized actions, by placing the procedural posture of the underlying case to the point before his guilty plea. Thus, he could hope to escape any culpability for the underlying case, and the prison time spent on this case would be applied to other prison sentences.

{¶13} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. *State ex rel. Largent v. Fisher*, 43 Ohio St.3d 160, 540 N.E.2d 239 (1989). Furthermore, if a petitioner had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. *State ex rel. Lesher v. Kainrad*, 65 Ohio St.2d 68, 417 N.E.2d 1382 (1981). Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause that it is attempting to adjudicate or the court is about to

exceed its jurisdiction. *State ex rel. Ellis v. McCabe*, 138 Ohio St. 417, 35 N.E.2d 571 (1941), paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." *State ex rel. Sparto v. Juvenile Court of Darke Cty.,* 153 Ohio St. 64, 65, 90 N.E.2d 598 (1950). Furthermore, it should be used with great caution and not issue in a doubtful case. *State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas*, 137 Ohio St. 273, 28 N.E.2d 641 (1940); and *Reiss v. Columbus Mun. Court*, 76 Ohio Law Abs. 141, 145 N.E.2d 447 (10th Dist.1956).

Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 529 N.E.2d 1245 (1988). However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via an appeal from the court's holding that it has jurisdiction. *State ex rel. Rootstown Local School Dist. Bd. of Edn. v. Portage Cty. Court of Common Pleas*, 78 Ohio St.3d 489, 678 N.E.2d 1365 (1997). Additionally, prohibition may be used to correct the results of prior jurisdictionally unauthorized actions. *State ex rel. Otten v. Henderson*, 129 Ohio St.3d 453, 2011-Ohio-4082, 953 N.E.2d 809. Moreover, the court has discretion in issuing the writ of prohibition. *State ex rel. Gilligan v. Hoddinott*, 36 Ohio St.2d 127, 304 N.E.2d 382 (1973).

**{¶14}**   In the present case, prohibition will not lie because appeal is the proper adequate remedy at law to correct void sentences.    In *State ex rel. Leis v. Outcalt*, 62 Ohio St.2d 331, 405 N.E.2d 715 (1980), the judge accepted Beasley's guilty plea to two counts of felonious assault with a deadly weapon and sentenced her to pay a $500 fine for each count.   This sentence disregarded the statutory requirement that such a charge for felonious assault demanded a prison term of at least two years.    The prosecutor sought a mandamus to compel the trial judge to impose a correct sentence.   The Supreme Court of Ohio disallowed the writ, despite the void sentence, because appeal was an adequate remedy at law, precluding the special writ.   Furthermore, Beasley was subsequently able to contest her new sentence through appeal despite the fact that she had fully paid the fine.   *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984).   In *State ex rel. Barr v. Sutula*, 132 Ohio St.3d 297, 2012-Ohio-2790, 971 N.E.2d 928, the Supreme Court of Ohio upheld the decision of this court that a special writ would not issue to compel the trial judge to correct his sentencing entry to reflect the sentence specified at a hearing; appeal is the proper remedy to contest sentencing errors.

**{¶15}** Accordingly, this court grants the judge's motion for summary judgment and denies the application for a writ of prohibition.   Petitioner to pay costs.   This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J., and
EILEEN A. GALLAGHER, J., CONCUR