[Cite as *State v. Lenard*, 2012-Ohio-4603.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98212 and 98362**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD LENARD

DEFENDANT-APPELLANT

## JUDGMENT:
## DISMISSED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-463837

**BEFORE:** Sweeney, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**APPELLANT**

Richard Lenard, Pro Se
No. 570-627
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio 43724

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶1} Both of these consolidated appeals involve defendant-appellant's plea and sentence with regard to one count of telecommunications fraud, which was a single count of a multiple count plea agreement he entered in December 2005. The first appeal, 8th Dist. No. 98212, challenges the trial court's March 13, 2012 order that corrected the plea and sentencing journal entries to indicate that count 15 was a felony of the third degree rather than a felony of the fourth degree, citing clerical error as the basis for the alteration.

{¶2} While CA-98212 was pending, the trial court, upon motion from the State, dismissed count 15 with prejudice by order dated April 30, 2012. On the same date the trial court issued another order that vacated its March 13, 2012 order as well as an order dated April 3, 2006. Defendant is appealing the April 30, 2012 orders in CA-98362. For the reasons that follow, we vacate all the trial court orders issued while CA-98212 was pending on appeal and dismiss CA-98362. We further vacate the March 13, 2012 order and dismiss CA-98212.

{¶3} Defendant had been indicted with 38 offenses in April of 2005. Count 15 of the indictment charged him with telecommunications fraud in violation of R.C. 2913.05; asserting that the amount involved in the offense was "$100,000.00 or more," which would be a felony of the third degree pursuant to R.C. 2913.05(B).

**{¶4}** The trial court conducted a plea hearing on December 7, 2005. The State spread the agreement upon the record indicating that defendant would essentially plead guilty to eight felony offenses, including several felonies of the third and fourth degree in CR 463837. With regard to count 15, the State indicated it was "a felony of the fourth degree." The plea agreement also involved defendant entering guilty pleas in a separate case that is not before us in this appeal.

**{¶5}** The trial court reviewed the plea agreement and again identified count 15 as a felony of the fourth degree, which the State confirmed.

**{¶6}** The trial court proceeded to review the plea with respect to each count by indicating on the record the maximum sentence defendant could receive. With respect to count 15, the court indicated it was a felony of the fourth degree and carried "a possible term of incarceration from six to 18 months and a possible fine of up to $5,000," which defendant indicated he understood.

**{¶7}** The trial court advised that the maximum sentence defendant faced for all the counts at issue was 26 years, together with a maximum fine. Defendant was advised of other consequences of his plea that are not relevant to this appeal.

**{¶8}** The court asked defendant how he wished to plead on each count including, "[w]ith respect to Count 15, telecommunications fraud, a felony of the fourth degree?" Defendant, responded "Guilty." The court accepted defendant's guilty pleas. The trial court ordered a presentence investigation report.

**{¶9}** The sentencing hearing was conducted on March 16, 2006. The trial court indicated that counts "1, 6, 11, 15 and 31" in CR-463837 were "felonies of the third degree" while counts 18, 35 and 37 were "felonies of the fourth degree." After exhaustively reviewing the facts relevant to the crimes, defendant's conduct, and the relevant sentencing factors, the trial court imposed a sentence in CR-463837 as follows: "counts 1, 6, 11, 15 and 31" a prison term of three years to be served concurrently with each other but consecutive to one year concurrent prison terms imposed for counts 18, 35 and 37 for an aggregate sentence of four years. On April 3, 2006, the trial court issued a "corrected entry" indicating in relevant part that defendant was to serve consecutive one year terms on "counts 15, 18, 35 and 37." The sentencing journal entry indicated that count 15 was a fourth degree felony. Defendant did not pursue any appeals at that time.

**{¶10}** Defendant moved for judicial release, which was granted to him in April 2007. After subsequently being indicted on new charges, defendant was found to be in violation of his community control sanctions that were terminated and he was ordered to serve the remainder of his four year prison sentence. Defendant then filed an appeal. He also filed a petition for post conviction relief ("PCR"). The trial court's judgment was affirmed on appeal[1] and his PCR was denied.[2] Thereafter, defendant filed several pro se motions and sought to re-open his appeal, which was denied.

---

[1] *State v. Lenard,* 8th Dist. No. 93373, 2010-Ohio-2220.

[2] The trial court's denial of defendant's petitions for PCR and the denial of his motion to vacate the guilty plea we also affirmed. *See State v. Lenard,* 8th

**{¶11}** On March 13, 2012, the trial court issued a journal entry to correct a clerical error in the plea journal entry and the sentencing journal entry to "indicate that count 15 in the indictment is an F3 and that defendant pled guilty to count 15, a felony of the third degree." On April 12, 2012, defendant appealed the March 13, 2012 order.

**{¶12}** On April 30, 2012, the State filed a motion to dismiss count 15 of the indictment. On April 30, 2012, the trial court issued a journal entry indicating that "the journal entries issued * * * on April 3, 2006 and on March 13, 2012 are vacated." That same day, the trial court issued a separate journal entry granting the State's motion to dismiss and dismissed count 15 with prejudice.

**{¶13}** Defendant perfected an appeal from trial court case number CR-463837 on April 12, 2012. It is well settled that the appeal divests the trial court of jurisdiction in the case with few exceptions.

> Once an appeal is taken, the trial court is divested of jurisdiction until the case is remanded to it by the appellate court except where the retention of jurisdiction is not inconsistent with that of the appellate court to review, affirm, modify or reverse the order from which the appeal is taken.

*State v. Taogaga*, 8th Dist. No. 79845, 2002-Ohio-5062, ¶ 18, citing *Stewart v. Zone Cab of Cleveland*, 8th Dist. No. 79317, Ohio App. LEXIS 378 (Jan. 31, 2002), citing *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 44, 553 N.E.2d 1354 (1990).

Dist.            No.            95317,            2011-Ohio-1571.

**{¶14}** Based on the foregoing law, all of the orders entered by the trial court after April 12, 2012, are void, without effect and are vacated. Correspondingly, defendant's appeal in CA-98362 is dismissed because it is based on orders that are vacated.

**{¶15}** In CA-98212, defendant premises all of his arguments on the March 13, 2012 order that was issued by the trial court. We note that both the State and the trial court have recognized that the March 13, 2012 order was issued in error. There was not only a subsequent attempt to vacate it, but the State also moved to dismiss the count to which the order pertained. Pursuant to Crim.R. 36, the trial court may sua sponte correct clerical mistakes in its orders at any time.[3] However, the record reflects that the March 13, 2012 order did not involve correction of a clerical error but made substantive changes that contradicted portions of the record. Accordingly, we sustain defendant's assignment of error in part to the extent that he asserts the trial court erred by sua sponte altering the December 12, 2005 plea journal entry and the March 17, 2006 sentencing journal entry on the basis of clerical error. The March 13, 2012 order is vacated, which renders the appeal in CA-98212 moot.

---

[3]"Although trial courts generally lack authority to reconsider their own valid final judgments in criminal cases, they retain continuing jurisdiction to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263,  18-19; Crim.R. 36." *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010.

**{¶16}**   The March 13, 2012 order together with all orders issued by the trial court during the pendency of this appeal are vacated.   The appeals, which are predicated on the vacated orders, are both dismissed.

It is ordered that appellee recover of appellant its costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


JAMES J. SWEENEY, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR