[Cite as *Lenard v. McGinty*, 2012-Ohio-5189.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98677**

# RICHARD LENARD

RELATOR

vs.

# PROSECUTOR TIMOTHY J. McGINTY, ET AL.

RESPONDENTS

**JUDGMENT:**
WRIT DENIED

Writ of Prohibition
Motion No. 457278
Order No. 459480

**RELEASE DATE:** November 6, 2012

**FOR RELATOR**

Richard Lenard, pro se
Inmate No. 570-627
Noble Correctional Institution
15708 McConnelsville Rd.
Caldwell, Ohio 43724


**ATTORNEYS FOR RESPONDENTS**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: James E. Moss
Assistant County Prosecutor
9th Floor Justice Center
1200 Ontario Street
Cleveland, OH 44113

MARY EILEEN KILBANE, J.:

{¶1}  Relator, Richard Lenard, is the defendant in *State v. Lenard*, Cuyahoga C.P. Nos. CR-463837, CR-468589, and CR-508101 (which are assigned to respondent Judge John J. Russo) as well as CR-533654 (which is assigned to respondent Judge Nancy A. Fuerst).   Respondent Timothy J. McGinty is the prosecuting attorney.[1]

{¶2}  In Case No. CR-463837, Lenard pled guilty to several counts.   In the December 12, 2005 entry memorializing Lenard's plea, respondent Judge Russo identified Count 15 (telecommunications fraud in violation of R.C. 2913.05) as a fourth-degree felony.   In the March 17, 2006 sentencing entry, however, respondent Judge Russo included Count 15 among several third-degree felonies and sentenced Lenard to three years on each of the third-degree felonies to be served concurrently with each other but consecutive to the one year on the fourth-degree felonies (which also were to be served concurrently with each other).   On April 3, 2006, respondent Judge Russo issued a nunc pro tunc order restating the terms of the sentence but including Count 15 only among the counts receiving a one year sentence.   Lenard did not appeal.

{¶3}  On March 13, 2012, respondent Russo issued an entry correcting the December 12, 2005 plea entry and the March 17, 2006 sentencing entry.   Lenard

---

[1]   The original respondent was former prosecuting attorney William D. Mason.   In a prior entry, we recognized that Timothy J. McGinty succeeded Mason in office and instructed the clerk to substitute Timothy J. McGinty for William D. Mason as one of the respondents and to change the caption accordingly. *See* Civ.R. 25(D).

appealed, commencing *State v. Lenard*, 8th Dist. No. 98212. On April 30, 2012, while App. No. 98212 was pending, respondent Russo: 1) issued an entry vacating the April 3, 2006 nunc pro tunc entry and the March 13, 2012 entry correcting the original plea and sentencing; and 2) issued a separate entry granting the state's motion to dismiss Count 15 with prejudice. Lenard appealed, commencing *State v. Lenard*, 8th Dist. No. 98362.[2]

{¶4} In this action in prohibition, Lenard claims that his sentence in Case No. CR-463837 was void ab initio because Count 15 was included among the third-degree felonies and received a three-year term. Likewise, he claims that the sentences imposed by Judge Russo in Case Nos. CR-468589 and CR-508101 and Judge Fuerst in Case No. CR-533654 were void ab initio because they were consecutive to Case No. CR-463837. Lenard requests that this court grant relief in prohibition and require respondent judges to vacate the sentences in their respective cases and to prevent respondent prosecuting attorney from defending this action.

{¶5} Respondents have filed a motion for summary judgment and argue that Lenard is not entitled to relief in prohibition. We agree.

{¶6} In *Lenard v. Russo*, 8th Dist. No. 98185, 2012-Ohio-4294, Lenard sought relief in prohibition.

> On April 5, 2012, the petitioner, Richard Lenard, commenced this prohibition action against the respondent, Judge John J. Russo. Lenard argues that in the underlying case, *State v. Lenard*, Cuyahoga C.P. No.

---

[2] We consolidated App. Nos. 98212 and 98362. For a detailed description of the proceedings in Case No. CR-463837, *see State v. Lenard*, 8th Dist. Nos. 98212 and 98362, 2012-Ohio-4603.

CR-463837, the judge's misidentifying a felony 3 as a felony 4 during a guilty plea colloquy, sentencing him on that charge as a felony 3, and then making various efforts to correct any error render the entire proceedings void. Lenard seeks prohibition to stop the continued exercise of unauthorized jurisdiction and to correct the results of the prior jurisdictionally unauthorized actions by having this court order a de novo plea hearing.

*Id.* at ¶ 1. Lenard's argument hinged on the sentence imposed on Count 15.

Thus, Lenard maintains his sentence is void because the judge disregarded the statutory requirements by sentencing him to a third degree felony sentence for a fourth degree felony. Any further actions were without jurisdiction because he had already begun his sentence. Lenard characterized the errors surrounding count 15 as rendering his entire plea and sentence void.

*Id.* at ¶ 12. We held, however, that "prohibition will not lie because appeal is the proper adequate remedy at law to correct void sentences." *Id*. at ¶ 14.

{¶7} Likewise, in this action, Lenard bases his claim in prohibition on the premise that the sentence in Case No. CR-463837 is void. Yet, as was the case in 8th Dist. No. 98185, 2012-Ohio-4294, Lenard had an adequate remedy by way of appeal. As a consequence, relief in prohibition is not appropriate.

{¶8} We also note Lenard argues that his sentence is void because the April 30, 2012 entry vacated the April 3, 2006 nunc pro tunc entry (which included Count 15 among the fourth-degree felonies). Yet, in *State v. Lenard*, 8th Dist. Nos. 98212 and 98362, 2012-Ohio-4603, this court vacated the April 30, 2012 entry because Judge Russo issued that entry while an appeal was pending from the March 13, 2012 entry correcting the December 12, 2005 plea entry and the March 17, 2006 sentencing entry. Obviously,

this court's judgment in 8th Dist. Nos. 98212 and 98362, 2012-Ohio-4603, eliminates the basis for Lenard's argument that his sentence is void.[3]

{¶9} Accordingly, respondents' motion for summary judgment is granted. Lenard to pay costs. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶10} Writ denied.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR

---

[3]While this action was pending, respondents filed a notice of judicial action attached to which is a copy of Judge Russo's October 22, 2012 entry in C.P. No. CR-463837 dismissing Count 15 with prejudice. As the history of the underlying case demonstrates, relator has asked this court to exercise its *appellate* jurisdiction to consider orders entered in the court of common pleas. In light of the discussion above, we need not address the October 22, 2012 entry in this *original* action.