[Cite as *State v. Lenard*, 2013-Ohio-171.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 96975 and 97570**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RICHARD M. LENARD

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case No. CR-533654
Application for Reopening
Motion No. 456563

**RELEASE DATE:** January 23, 2013

**FOR APPELLANT**

Richard Lenard, pro se
Inmate #570-627
Noble Correctional Institution
15708 McConnelsville Road
Caldwell, Ohio 43724


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} In *State v. Lenard*, Cuyahoga C.P. No. CR-533654, applicant, Richard Lenard, pled no contest to and was found guilty of aggravated theft as well as several counts each of: forging identification cards; tampering with records; breaking and entering; and theft. In *State v. Lenard*, 8th Dist. Nos. 96975 and 97570, 2012-Ohio-1636, this court: affirmed Lenard's conviction as well as the denial of his motions to suppress and dismiss; reversed the denial of his motions to vacate the imposition of court costs and for return of his property; and remanded to notify Lenard as to court costs and the consequences if he fails to pay them. The trial court made Lenard's sentence consecutive to Cuyahoga C.P. No. CR-463837.[1] The Supreme Court of Ohio declined jurisdiction to hear the case and dismissed the appeal as not involving any substantial constitutional question. *State v. Lenard*, 132 Ohio St.3d 1515, 2012-Ohio-4021, 974 N.E.2d 113.

{¶2} Lenard has filed a timely application for reopening. He asserts that he was denied the effective assistance of appellate counsel because his appellate counsel did not assign as error that: the sentence in Cuyahoga C.P. No. CR-463837 was vacated; and, in light of the Bureau of Sentence Computation's refusal to recognize the 556 days jail-time credit in his sentencing entry, there has been a breach of his plea agreement.

---

[1]Lenard has repeatedly asserted his position that the judgment in Cuyahoga C.P. No. CR-463837 is void. *Lenard v. McGinty*, 8th Dist. No. 98677, 2012-Ohio-5189; *State v. Lenard*, 8th Dist. Nos. 98212 and 98362, 2012-Ohio-4603; *Lenard v. Russo*, 8th Dist. No. 98185, 2012-Ohio-4294; and *State v. Lenard*, 8th Dist. No. 93373, 2010-Ohio-2220.

{¶3} We deny the application for reopening.   As required by App.R. 26(B)(6), the reasons for our denial follow.

{¶4} On direct appeal, Lenard's counsel filed a notice of appeal (8th Dist. No. 96975) and Lenard filed a notice of appeal pro se (8th Dist. No. 97570).   The cases were briefed separately, and Lenard filed a supplemental pro se brief in 8th Dist. No. 96975 as well as a pro se brief in 8th Dist. No. 97570.   This court consolidated the two cases. This court's opinion addressed the merits of all the errors assigned by counsel and Lenard, pro se.

{¶5} In *State v. Howell*, 8th Dist. No. 92827, 2011-Ohio-3683, applicant Howell sought reopening of the judgment finding him guilty of several offenses.

> {¶6} This court granted Howell leave to file a pro se supplemental brief.
> "[T]he courts have repeatedly ruled that res judicata bars an application to reopen when the appellant has filed a pro se brief." (Citations deleted.) *State v. Wright*, Cuyahoga App. Nos. 92594 and 95096, 2010- Ohio-243 and 2011-Ohio-733, reopening disallowed, 2011-Ohio-2657, ¶4. The fact that Howell filed a pro se brief and assignment of error on direct appeal provides a sufficient basis for denying reopening.

*Id.* at ¶ 7.

{¶7} Likewise, in this action, Lenard filed two pro se briefs.   This court addressed the merits of the errors he assigned pro se as well as the errors assigned by counsel. Lenard had the opportunity to raise the errors that he would have this court consider on reopening.   Res judicata bars the proposed   assignments of error presented in an application for reopening filed by an applicant who had filed a pro se brief on direct appeal.   *State v. Webb*, 72 Ohio St.3d 248, 1995-Ohio-53, 648 N.E.2d 1354; *State v.*

*Maddox*, 8th Dist. No. 96885, 2012-Ohio-3800. Res judicata bars Lenard's proposed assignments of error.

{¶8} As a consequence, Lenard has not met the standard for reopening. Accordingly, the application for reopening is denied.

---

LARRY A. JONES, SR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
TIM McCORMACK, J., CONCUR